**United States District Court**
For the Northern District of California

1

2

3

4                   IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    TERESITA MAPOY,                    ) Case No. 11-1451 SC
                                        )
8              Plaintiffs,              ) ORDER RE: FDIC's MOTION TO
                                        ) DISMISS AND MOTION TO
9         v.                            ) <u>STRIKE</u>
                                        )
10   WASHINGTON MUTUAL BANK, FA;        )
11   JPMORGAN CHASE BANK, N.A.; FEDERAL )
     DEPOSIT INSURANCE COMPANY;         )
12   CALIFORNIA RECONVEYANCE COMPANY;   )
     and DOES 1 through 50, inclusive,  )
13                                      )
14             Defendants.              )
                                        )
15                                      )
                                        )
16   _____   )

17   I.   **INTRODUCTION**

18        Plaintiff Teresita Mapoy ("Plaintiff") commenced this action

19   in California Superior Court for Contra Costa County on August 10,

20   2010, bringing numerous claims against Defendants Washington Mutual

21   Bank ("WaMu"), JP Morgan Chase Bank, N.A. ("JP Morgan"), California

22   Reconveyance Company ("CRC"), and fifty Doe Defendants.  On

23   November 15, 2010, Plaintiff filed a First Amended Complaint, which

24   added the Federal Deposit Insurance Company ("FDIC") as a

25   defendant.  <u>See</u> ECF No. 1 ("Notice of Removal") Ex. B ("FAC").  The

26   FDIC removed the action to federal court under 12 U.S.C. §

27   1819(b)(2)(B), which permits the FDIC to remove any state court

28   action within ninety days of the FDIC being named as a party.  <u>See</u>

Notice of Removal.

Now before the Court are a Motion to Dismiss and a Motion to Strike filed by the FDIC.  ECF Nos. 7 ("MTD"), 8 ("MTS").  Both motions are fully briefed.  ECF Nos. 18 ("MTD Opp'n"), 19 ("MTS Opp'n"), 23 ("MTD Reply"), 24 ("MTS Reply").  For the following reasons, the Court GRANTS the FDIC's MTD and accordingly denies the FDIC's MTS as moot.

## II.   **BACKGROUND**

As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiff's FAC.  Around June 27, 2006, Plaintiff obtained an adjustable rate loan in the amount of $1,700,000 from WaMu to purchase the residential property located at 5440 Blackhawk Drive in Danville, California.  FAC ¶¶ 1, 2, 14.  The loan was secured by a deed of trust on the property naming CRC as trustee.  Id. ¶¶ 2, 6.

Plaintiff alleges that WaMu committed numerous wrongful acts in connection with the origination of her loan.  Plaintiff alleges that a WaMu employee, Armando LaRosa ("LaRosa"), completed the loan application on her behalf, without her knowledge or consent, and entered false information on the application in order to obtain approval for the loan.  Id. ¶¶ 18, 19.  LaRosa allegedly misstated Plaintiff's occupation and drastically overstated the amount of her income and cash savings.  Id. ¶ 18.  LaRosa indicated on the loan application that he had telephonically interviewed Plaintiff to gather the information used to complete the application.  Id. ¶ 16.  Plaintiff does not remember ever signing, or even seeing, the

United States District Court
For the Northern District of California

application.  Id. ¶ 17.  Plaintiff further alleges that WaMu misrepresented the terms of her loan by indicating that the loan carried a fixed 1.25 percent interest rate, when in fact the interest rate was subject to monthly adjustment to as high as 10.238 percent, and by representing that there was no penalty for prepayment, when in fact there was a severe penalty.  Id. ¶¶ 25, 29.  Plaintiff also alleges that the loan contained other hidden fees.  Id. ¶ 24.

Plaintiff's initial monthly payment was $5,665.28.  Id. ¶ 23. On August 1, 2007, her monthly payment increased to over $7,500. Id. ¶ 31.  She struggled to make this higher payment and requested a loan modification from WaMu in late 2007, which was denied.  Id. ¶ 32.

On September 25, 2008, the Office of Thrift Supervision ("OTS") closed WaMu and appointed the FDIC as its receiver.  Id. ¶ 34.  Also on September 25, 2008, the FDIC executed a purchase and assumption agreement with JP Morgan that transferred certain of WaMu's assets to JP Morgan.  Id. ¶ 35.  In early 2009, Plaintiff received a letter from JP Morgan stating that JP Morgan had assumed the beneficial interest under the deed of trust and Plaintiff should remit her loan payments to JP Morgan henceforth.  Id. ¶ 37. Plaintiff has since sought a loan modification from JP Morgan to no avail.  Id. ¶ 39.  She has continued making payments on the loan but was at least two months in arrears at the time she filed the FAC.  Id.

Plaintiff asserts twelve state law claims in her FAC.  Against all defendants, she asserts claims for unconscionability, quiet title, and declaratory relief.  In addition, she asserts breach of

the covenant of good faith and fair dealing against WaMu, its
successors in interest, and JP Morgan.  She asserts the remaining
eight claims against only WaMu and its successors in interest, as
follows: fraudulent concealment; intentional misrepresentation;
negligent misrepresentation; negligence; breach of fiduciary duty;
violation of California Business and Professions Code section
17200; unjust enrichment; and rescission/cancellation of void
instrument.  <u>See</u> FAC.

The FDIC brings its MTD under Federal Rules of Civil Procedure
12(b)(1) and 12(b)(6).  It argues that this Court lacks subject
matter jurisdiction to hear the claims brought against it because
Plaintiffs have failed to exhaust the administrative remedies
available.  MTD at 2.  In the alternative, it argues that
Plaintiff's FAC fails to state a claim upon which relief can be
granted.  <u>Id.</u> at 3.

**III.  <u>LEGAL STANDARD</u>**

    **A.  <u>Rule 12(b)(1)</u>**

When a defendant submits a motion to dismiss under Federal
Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of
establishing the propriety of the court's jurisdiction.  <u>See</u>
<u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377
(1994).  As a court of limited jurisdiction, "[a] federal court is
presumed to lack jurisdiction in a particular case unless the
contrary affirmatively appears."  <u>Stock West, Inc. v. Confederated</u>
<u>Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1)
jurisdictional attack may be facial or factual.  <u>White v. Lee</u>, 227
F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  In a facial

attack, the defendant challenges the basis of jurisdiction as alleged in the complaint.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In such a case, the court assumes the truth of the factual allegations, and draws all reasonable inferences in the plaintiff's favor.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

**B.   Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing part of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**United States District Court**
For the Northern District of California

1  **IV.   DISCUSSION**

2      **A.   The FDIC's MTD**

3      The FDIC moves to dismiss the Plaintiff's action under Rule

4  12(b)(1), arguing that because Plaintiff does not claim to have

5  exhausted FDIC administrative remedies, this Court lacks subject

6  matter jurisdiction.  MTD at 6-8.

7      Under the Financial Institutions Reform, Recovery, and

8  Enforcement Act ("FIRREA"), the FDIC, in its role as receiver for

9  failed financial institutions, may implement a mandatory

10  administrative claims review process.  12 U.S.C. §§ 1821(d)(3).

11  FIRREA limits the jurisdiction of courts over certain claims

12  asserted outside the context of the administrative process.  12

13  U.S.C. § 1821(d)(13)(D).  Specifically, it provides:

14          [N]o court shall have jurisdiction over

15          (i) any claim or action for payment from, or
            any action seeking a determination of rights
16          with respect to, the assets of any depository
            institution for which [the FDIC] has been
17          appointed receiver, including assets which [the
            FDIC] may have acquired from itself as
18          receiver; or

19          (ii) any claim relating to any act or omission
            of such institution or [the FDIC] as receiver.
20

21  Id.  The Ninth Circuit has held that FIRREA's exhaustion

22  requirement applies to claims made by both creditors and debtors.

23  McCarthy v. Fed. Deposit Ins. Corp., 348 F.3d 1075, 1077 (9th Cir.

24  2003).  Courts lack jurisdiction to hear such claims against the

25  FDIC before the plaintiff has exhausted his or her administrative

26  remedies as required under FIRREA.  In re Parker North American

27  Corp., 24 F.3d 1145, 1150 (9th Cir. 1994) ("[FIRREA] strips all

28  courts of jurisdiction over claims outside the administrative

6

**United States District Court**
For the Northern District of California

1   procedures . . . Claimants must exhaust these administrative
2   remedies before seeking district or bankruptcy court review.").

3       The FDIC argues that because Plaintiff has not even alleged
4   that she has complied with FIRREA by filing an administrative claim
5   with the FDIC, she has failed to allege facts supporting this
6   Court's jurisdiction.  MTD at 8.

7       Relying on Sharpe v. FDIC, 126 F.3d 1147, 1152 (9th Cir.
8   1997), Plaintiff argues that her claims for equitable relief lie
9   outside the scope of FIRREA and are not subject to the statute's
10  exhaustion requirement.  Opp'n at 5-6.  In the alternative,
11  Plaintiff requests that the Court hold an evidentiary hearing to
12  determine whether jurisdiction is proper.  Id. at 15.

13      The Court agrees with the FDIC.  Sharpe does not exempt
14  Plaintiff from FIRREA's exhaustion requirements.  In Sharpe, the
15  Ninth Circuit created a narrow exception to FIRREA's exhaustion
16  requirement that does not apply to the facts of this case.
17  Specifically, the court held that the plaintiff, who was neither a
18  debtor nor a creditor of the FDIC, was not required to exhaust
19  administrative remedies before bringing a breach of contract claim
20  against the FDIC in federal court.  126 F.3d at 1156.  The court
21  reasoned that making such claims subject to the exhaustion
22  requirement would produce a perverse result by which the FDIC
23  "would be free to breach any pre-receivership contract, keep the
24  benefit of the bargain, and then escape the consequences by hiding
25  behind the FIRREA claims process."  Id. at 1156, 1157.  The Ninth
26  Circuit subsequently explained that Sharpe was an "unusual" case
27  and clarified that "apart from claims made in connection with
28  bankruptcy proceedings or arising out of a breach of contract fully

performed by the aggrieved party but not repudiated by the
receiver, all claims or actions [against the FDIC] must be
submitted for administrative resolution."  McCarthy, 348 F.3d at
1081.

Here, Plaintiff is a debtor of the FDIC as receiver of her
mortgage with WaMu.  McCarthy expressly stated that FIRREA's
exhaustion requirements apply to claims by debtors against the
FDIC.  348 F.3d at 1076.  Moreover, numerous district courts have
applied FIRREA's exhaustion requirement to bar mortgage-related
claims nearly identical to Plaintiff's.  E.g., Waltner v. Fed.
Deposit Ins. Corp., No 10-662RAJ, 2011 WL 1675287, at *2 (W.D.
Wash. May 3, 2011) (applying FIRREA's administrative exhaustion
requirement to plaintiff's claims arising from foreclosure); Benson
v. JPMorgan Chase Bank, N.A., No. C-09-5272, 2011 WL 4010116, at *3
(N.D. Cal. Oct. 13, 2010) (same); Citrus El Dorado LLC v. Stearns
Bank, No. 09-1462, 2011 WL 86960, at *1-2 (C.D. Cal. Jan. 5, 2011)
(same).  The Court therefore finds that Plaintiff's claims against
the FDIC are subject to FIRREA's exhaustion provisions.

The Court also denies Plaintiff's request for an evidentiary
hearing to determine whether jurisdiction is proper.  The FDIC's
Rule 12(b)(1) motion is a facial rather than a factual attack on
Plaintiff's FAC.  See White, 227 F.3d at 1242 (discussing facial
versus factual challenge under Rule 12(b)(1)).  The FDIC asserts
that the allegations contained in the FAC are insufficient on their
face to invoke federal jurisdiction because Plaintiff has not even
alleged that she has exhausted the FDIC administrative claims
process.  Reply at 14.  By contrast, in a factual attack, the
challenger disputes the truth of the allegations that, by

United States District Court
For the Northern District of California

1   themselves, would otherwise invoke federal jurisdiction.  <u>See</u> <u>Safe</u>

2   <u>Air for Everyone</u>, 373 F.3d at 1039.  While an evidentiary hearing

3   may be proper to resolve a factual attack, it is unwarranted where,

4   as here, the allegations in the FAC would not support jurisdiction

5   even if supported by evidence.  Moreover, Plaintiff's request for

6   such a hearing is perplexing given that she does not purport to

7   have evidence of having exhausted the FDIC's administrative claims

8   procedure.  If she does have such evidence, she must amend her FAC

9   to include the appropriate allegations.  Then, if the FDIC brings a

10  factual challenge under Rule 12(b)(1), an evidentiary hearing may

11  be warranted.

12       Because Plaintiff has failed to plead exhaustion of

13  administrative remedies, this Court DISMISSES Plaintiff's claims

14  against the FDIC for lack of subject matter jurisdiction.  It

15  dismisses the claims WITHOUT PREJUDICE because it is possible,

16  albeit unlikely, that Plaintiff actually exhausted the FDIC's

17  administrative remedies and merely failed to so plead.  Plaintiff

18  therefore is granted thirty (30) days to file an amended complaint

19  in which she makes such a pleading.  If Plaintiff does not amend

20  her complaint to allege exhaustion of administrative remedies

21  within the next thirty days, the Court will dismiss all claims

22  against the FDIC WITH PREJUDICE.[1]

23       Lastly, this action was removed based on 12 U.S.C. §

24  1819(b)(2)(B) -- a removal statute that can only be exercised by

25  the FDIC.  As the FDIC has now been dismissed, and all of the

26  claims in the lawsuit are state law claims, the Court will decline

27  _____

28  [1] Because the Court grants the FDIC's Motion to Dismiss, it DENIES
    the FDIC's Motion to Strike portions of the FAC as moot.

supplemental jurisdiction and will sua sponte remand the case to state court if Plaintiff has not amended her FAC to provide a basis for federal jurisdiction within the timeline provided above.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion to Dismiss filed by Defendant Federal Deposit Insurance Corporation and DENIES its Motion to Strike as moot.

If Plaintiff Teresita Mapoy fails to file within thirty (30) days of this Order an amended complaint in which she pleads exhaustion of FDIC's administrative remedies, the Court will dismiss claims against the FDIC WITH PREJUDICE and REMAND the remaining causes of action brought against defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company to California Superior Court for Contra Costa County.

IT IS SO ORDERED.

Dated: June 29, 2011

UNITED STATES DISTRICT JUDGE